United States District Court
Southern District of Texas
FILED

MAR 13 2000

MICHAEL N. MILBY  CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NANCY LEE, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO.: C-00-057** |
| | § | |
| ARANSAS COUNTY INDEPENDENT | § | |
| SCHOOL DISTRICT, STEVE KENNEDY, | § | |
| WAYNE NUGENT, MARY HOEKSTRA, | § | |
| NATALIE BAKER, LEO VILLA, | § | |
| JOE LIVINGSTON, WILLIAM NORMAN | § | |
| SPEARS, III, JAMES KOONCE, AND | § | |
| ROSS MCELWEE, | § | |
| | § | |
| **Defendants** | § | **JURY TRIAL DEMANDED** |

## DEFENDANT JOE LIVINGSTON'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Defendant JOE LIVINGSTON, Defendant and files this his Answer

herein, and for cause would respectfully show this Honorable Court as follows:

1.     Defendant admits the allegations contained in Plaintiff's Paragraph 1 of Plaintiff's

Original complaint.

2.     Defendant admits the allegations in Paragraph 2 of Plaintiff's Original Complaint.

3.     Defendant admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4.     Defendant admits the allegations in Paragraph 4 of Plaintiff's Original Complaint.

5.     Defendant admits the allegation in Paragraph 5 of Plaintiff's Original Complaint.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth

of the averment of the allegations of Paragraph 6 a,b,c,d,e,g,h,i, but admits the allegation

1

in Paragraph 6(f) of Plaintiff's Original Complaint.

7.   Defendant denies the allegation set forth in Paragraph 7 of Plaintiff's Original Complaint,
that "On April 28, 1999, as further implemented by the adoption of a written decision on
May 5, 1999, the Board of Trustees of ACISD terminated the employment of Plaintiff,
acting arbitrarily, capriciously, in bad faith, and in furtherance of its personally motivated
objective to deny her property rights without due process of law." Defendant admits the
remaining allegations in Plaintiff's Original Complaint that Plaintiff held a two-year
contract of employment extending through the end of the 1999-2000 school year as an
administrator.

8.   Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 8 of Plaintiff's Original
Complaint.

9.   Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 9 of Plaintiff's Original
Complaint.

10.   Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 10 of Plaintiff's Original
Complaint.

11.   Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 11 of Plaintiff's Original
Complaint.

12.   Defendant admits that while he was a member of the Board of Trustees of Aransas
County Independent School District from May 1997 to May 1999, Mr. Kennedy was

2

president of the Board of Trustees and Mr. Nugent was the vice president as alleged in Paragraph 12 of Plaintiff's Original Complaint. Defendant denies that "[they] began exercising control over the business of the District" as alleged in Paragraph 12 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph12 of Plaintiff's Original Complaint.

13.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 13 of Plaintiff's Original Complaint.

14.   Defendant denies that "Mr. Kennedy and Mr. Nugent, being given tacit control of the District by the remainder of the Board, began a pattern of conduct discriminating against Ms. Lee and the special Education program", as alleged in Paragraph 14 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 14 of Plaintiff's Original Complaint.

15.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 15 of Plaintiff's Original Complaint.

16.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 16 of Plaintiff's Original Complaint.

17.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 17 of Plaintiff's Original

Complaint.

18. Defendant admits that "on March 5, 1998, the District suspended Ms. Lee with pay" as alleged in Paragraph 18 of Plaintiff's Original Complaint. Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies that "Thereafter commenced what can fairly be characterized as a witch hunt" as alleged in Paragraph 19 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Original Complaint that "Acting with intentional ignorance of the truth and in conscious disregard thereof, with malice and bad faith, on August 3, 1998, Defendants Kennedy, Nugent, Hoekstra, Baker, Villa and Livingston, voted to approve the recommendation of Defendant Spears for the proposed termination of Ms. Lee's contract." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegation set forth in Paragraph 23 of Plaintiff's Original Complaint that "on August 19, 1998,the Board of Trustees, acting through its agent and

4

attorney, filed, with great, solemnity, a **frivolous** report with the State Board of Educator

Certification accusing Ms. Lee of altering and directing the alteration of documents in

violation of federal law, misrepresenting facts to District Officials and misappropriating

District funds." Defendant is without knowledge or information sufficient to form a

belief as to the truth of the averment of the remaining allegations set forth in Paragraph

23 of Plaintiff's Original Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Original

Complaint that "the allegations of the Board of Trustees, as found by the hearing

examiner, were unsupported by the evidence, having been clearly shown as false by Ms.

Lee once she was given notice of the charges and an opportunity to respond." Defendant

is without knowledge or information sufficient to form a belief as to the truth of the

averment of the remaining allegations set forth in Paragraph 24 of Plaintiff's Original

Complaint.

25.      Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Original

Complaint.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth

of the averment of the allegations set forth in Paragraph 26 of Plaintiff's Original

Complaint.

27.     Defendant admits the allegations set forth in Paragraph 27 of Plaintiff's Original

Complaint that "pursuant to state procedure, Ms. Lee requested the Commissioner of

Education to appoint an independent hearing examiner, before whom a hearing was

conducted in January and February 1999. On April 8, 1999 the hearing examiner issued

findings of fact and conclusions of law as set forth herein, concluding that ACISD had

failed to present evidence establishing good cause for the termination of Ms. Lee's
contract and recommending that Ms. Lee's appeal of the proposed termination be
granted." Defendant denies the remaining allegations set forth in Paragraph 27 of
Plaintiff's Original Complaint.

28.    Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Original
Complaint that "acting at the behest of its agents and attorneys, who themselves
inferentially were acting at the behest of the individual Defendants, the Board of Trustees
disregarded binding factual findings and terminated Ms. Lee's employment." Defendant
admits the remaining allegations of Paragraph 28 of Plaintiff's Original Complaint.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 29 of Plaintiff's Original
Complaint.

30.    Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Original
Complaint.

31.    Defendant admits the allegations set forth in Paragraph 31 of Plaintiff's Original
Complaint that "Ms. Lee appealed the Board's action to the Commissioner of Education
who reversed Ms. Lee's termination by decision dated July 5, 1999. Plaintiff has filed
suit in state court to enforce the Commissioner' decision." Defendant denies the
remaining allegations set forth in Paragraph 31 of Plaintiff's Original Complaint.

32.    Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Original
Complaint.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth
of the averment of the allegations set forth in Paragraph 33 of Plaintiff's Original

6

Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendant admits that Plaintiff has demanded a trial by jury as set forth in Paragraph 40 of Plaintiff's Original Complaint.

41. Defendant denies that Plaintiff is entitled to any of the damages set forth in Paragraph 41 entitled "Prayer" of Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSES

42. Defendant **JOE LIVINGSTON** hereby asserts the following affirmative defenses upon which it will rely and which it will prove at or before the time of trial:

A. Defendant, **JOE LIVINGSTON,** asserts that he is immune from this suit under the doctrines of qualified, official and/or governmental immunity. At all times relevant to this lawsuit, **JOE LIVINGSTON** was acting in good faith and was

7

acting within the scope of his discretionary authority as an elected Board of

Trustee Member of the Aransas County Independent School District when the

allegedly wrongful acts occurred.

B. Further, Defendant would assert that pursuant to Texas Education Code,

§21.304(f), in lieu of reinstatement, Plaintiff has been paid any amounts due and

owing under the provisions of that code section.

C. Defendant is not liable to plaintiff because of an accord and satisfaction.

Specifically, pursuant to Texas Education Code, 21.304(f)- a payment of

$71,778.76 was made to Ms. Lee on or about October 21, 1999.

D. Defendant is not liable to plaintiff because of payment. Specifically, pursuant to

Texas Education Code, §21.304(f)- a payment of $71,778.76 was made to Ms.

Lee on or about October 21, 1999.

E. Defendant would show that Plaintiff's claims involved discretionary powers and

are therefore barred by Tx. Civ. Prac. & Rem. Code § 101.056.

42. Defendant hereby demands a trial by jury.

43. WHEREFORE, PREMISES CONSIDERED, **DEFENDANT JOE LIVINGSTON**

hereby respectfully prays that Plaintiff take nothing by her claims and causes of action

herein, and that said Defendant go hence without day, with its costs of court incurred

herein, and for such other and further relief, at law or in equity, to which Defendant might

show himself justly entitled.

8

Respectfully submitted,

**BARKER, LEON, FANCHER,
MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

Roland L. Leon-Attorney in Charge
State Bar No. 12207400
Fed. ID No. 5683
Vada L. Staha
State Bar No. 00784948
Fed. ID No. 19025
**ATTORNEYS FOR DEFENDANT
JOE LIVINGSTON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has

been served in accordance with the Federal Rules of Civil Procedure on this the _13th_ day of

March, 2000, to all counsel of record as follows:

Richard L. Arnett
**BRIM, ARNETT & ROBINETT, P.C.**
2525 Wallingwood Drive
Building 14
Austin, Texas 78746

Roland L. Leon

9