UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 13 2000

MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| NANCY LEE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: C-00-057 |
| | § | |
| ARANSAS COUNTY INDEPENDENT | § | |
| SCHOOL DISTRICT, STEVE KENNEDY, | § | |
| WAYNE NUGENT, MARY HOEKSTRA, | § | |
| NATALIE BAKER, LEO VILLA, | § | |
| JOE LIVINGSTON, WILLIAM NORMAN | § | |
| SPEARS, III, JAMES KOONCE, AND | § | |
| ROSS MCELWEE, | § | |
| | § | |
| Defendants | § | JURY TRIAL DEMANDED |

### DEFENDANT WAYNE NUGENT'S
### ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

    **NOW COMES** Defendant WAYNE NUGENT, Defendant and files this his Answer herein, and for cause would respectfully show this Honorable Court as follows:

1.    Defendant admits the allegations contained in Plaintiff's Paragraph 1 of Plaintiff's Original complaint.

2.    Defendant admits the allegations in Paragraph 2 of Plaintiff's Original Complaint.

3.    Defendant admits the allegations in Paragraph 3 of Plaintiff's Original Complaint.

4.    Defendant admits the allegations in Paragraph 4 of Plaintiff's Original Complaint.

5.    Defendant admits the allegation in Paragraph 5 of Plaintiff's Original Complaint.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations of Paragraph 6 a,c,d,e,f,g,h,i, and admits the allegation

1

in Paragraph 6(b) of Plaintiff's Original Complaint.

7. Defendant denies the allegation set forth in Paragraph 7 of Plaintiff's Original Complaint, that "On April 28, 1999, as further implemented by the adoption of a written decision on May 5, 1999, the Board of Trustees of ACISD terminated the employment of Plaintiff, acting arbitrarily, capriciously, in bad faith, and in furtherance of its personally motivated objective to deny her property rights without due process of law." Defendant admits the remaining allegations in Plaintiff's Original Complaint that Plaintiff held a two-year contract of employment extending through the end of the 1999-2000 school year as an administrator.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of Plaintiff's Original Petition that "Ms. Nugent made false charges in writing that Ms., Lee had instructed her to alter the Kennedy child's IEP and sent this false claim to other individuals, including Ms. Kennedy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Original Complaint that "in 1994-1995 the Kennedys prevailed on the District to establish an

2

assisted living program for their child and other qualified handicapped students. It was proposed that the District lease a house owned by a family member of Ms. Nugent for this purpose." Defendant admits that Wayne Nugent was a member of the board of Trustees as alleged in Paragraph 11 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits that while he was a member of the Board of Trustees of Aransas County Independent School District, Mr. Kennedy was president of the Board of Trustees and he was the vice president as alleged in Paragraph 12 of Plaintiff's Original Complaint. Defendant denies that "[they] began exercising control over the business of the District" as alleged in Paragraph 12 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph12 of Plaintiff's Original Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Original Complaint that "Mr. Koonce then commenced a sham investigation of allegations of illegal conduct." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant admits the allegations set forth in Paragraph 18 of Plaintiff's Original Complaint that "on March 5, 1998 the District suspended Ms. Lee with pay." Defendant denies the remainder of the allegations set forth in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant denies that "Thereafter commenced what can fairly be characterized as a witch hunt" as alleged in Paragraph 19 of Plaintiff's Original Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Original Complaint that "Acting with intentional ignorance of the truth and in conscious disregard

4

thereof, with malice and bad faith, on August 3, 1998, Defendants Kennedy, Nugent, Hoekstra, Baker, Villa and Livingston, voted to approve the recommendation of Defendant Spears for the proposed termination of Ms. Lee's contract." Defendant admits that on July 20 the Board had taken no action regarding the extension of the Superintendent's contract or Ms. Lee's salary. Defendant denies the remaining allegations set forth in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant denies the allegation set forth in Paragraph 23 of Plaintiff's Original Complaint that "on August 19, 1998, the Board of Trustees, acting through its agent and attorney, filed, with great, solemnity, a **frivolous** report with the State Board of Educator Certification accusing Ms. Lee of altering and directing the alteration of documents in violation of federal law, misrepresenting facts to District Officials and misappropriating District funds." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 23 of Plaintiff's Original Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Original Complaint that "the allegations of the Board of Trustees, as found by the hearing examiner, were unsupported by the evidence, having been clearly shown as false by Ms. Lee once she was given notice of the charges and an opportunity to respond." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Original Complaint.

5

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of Plaintiff's Original Complaint that "pursuant to state procedure, Ms. Lee requested the Commissioner of Education to appoint an independent hearing examiner, before whom a hearing was conducted in January and February 1999. On April 8, 1999 the hearing examiner issued findings of fact and conclusions of law as set forth herein, concluding that ACISD had failed to present evidence establishing good cause for the termination of Ms. Lee's contract and recommending that Ms. Lee's appeal of the proposed termination be granted." Defendant denies the remaining allegations set forth in Paragraph 27 of Plaintiff's Original Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Original Complaint that "acting at the behest of its agents and attorneys, who themselves inferentially were acting at the behest of the individual Defendants, the Board of Trustees disregarded binding factual findings and terminated Ms. Lee's employment." Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the remaining allegations set forth in Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 29 of Plaintiff's Original Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Original

Complaint.

31. Defendant admits the allegations set forth in Paragraph 31 of Plaintiff's Original Complaint that "Ms. Lee appealed the Board's action to the Commissioner of Education who reversed Ms. Lee's termination by decision dated July 5, 1999. Plaintiff has filed suit in state court to enforce the Commissioner' decision." Defendant denies the remaining allegations set forth in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment of the allegations set forth in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendant admits that Plaintiff has demanded a trial by jury as set forth in Paragraph 40 of Plaintiff's Original Complaint.

41. Defendant denies that Plaintiff is entitled to any of the damages set forth in Paragraph 41 entitled "Prayer" of Plaintiff's Original Complaint.

## AFFIRMATIVE DEFENSES

42. Defendant **WAYNE NUGENT** hereby asserts the following affirmative defenses upon which it will rely and which it will prove at or before the time of trial:

   A.  Defendant, **WAYNE NUGENT,** asserts that he is immune from this suit under the doctrines of qualified, official and/or governmental immunity. At all times relevant to this lawsuit, **WAYNE NUGENT** was acting in good faith and was acting within the scope of his discretionary authority as an elected Board of Trustee Member of the Aransas County Independent School District when the allegedly wrongful acts occurred.

   B.  Further, Defendant would assert that pursuant to Texas Education Code, §21.304(f), in lieu of reinstatement, Plaintiff has been paid any amounts due and owing under the provisions of that code section.

   C.  Defendant is not liable to plaintiff because of an accord and satisfaction. Specifically, pursuant to Texas Education Code, 21.304(f)- a payment of $71,778.76 was made to Ms. Lee on or about October 21, 1999.

   D.  Defendant is not liable to plaintiff because of payment. Specifically, pursuant to Texas Education Code, §21.304(f)- a payment of $71,778.76 was made to Ms.

8

      Lee on or about October 21, 1999.

    E.    Defendant would show that Plaintiff's claims involved discretionary powers and are therefore barred by Tx. Civ. Prac. & Rem. Code § 101.056.

42. Defendant hereby demands a trial by jury.

43. WHEREFORE, PREMISES CONSIDERED, **DEFENDANT WAYNE NUGENT** hereby respectfully prays that Plaintiff take nothing by her claims and causes of action herein, and that said Defendant go hence without day, with its costs of court incurred herein, and for such other and further relief, at law or in equity, to which Defendant might show himself justly entitled.

Respectfully submitted,

**BARKER, LEON, FANCHER, MATTHYS, L.L.P.**
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

_____
Roland L. Leon-Attorney in Charge
State Bar No. 12207400
Fed. ID No. 5683
Vada L. Staha
State Bar No. 00784948
Fed. ID No. 19025
**ATTORNEYS FOR DEFENDANT WAYNE NUGENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this the 13th day of March, 2000, to all counsel of record as follows:

Richard L. Arnett
**BRIM, ARNETT & ROBINETT, P.C.**
2525 Wallingwood Drive
Building 14
Austin, Texas 78746

_____
Roland L. Leon            w/permission
                          Vad.. R. L.

10