United States District Court
Southern District of Texas
FILED

MAR 22 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NANCY LEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-00-057 |
| | § | |
| ARANSAS COUNTY INDEPENDENT | § | |
| SCHOOL DISTRICT, STEVE KENNEDY, | § | |
| WAYNE NUGENT, MARY HOEKSTRA, | § | |
| NATALIE BAKER, LEO VILLA, | § | |
| JOE LIVINGSTON, WILLIAM NORMAN | § | |
| SPEARS III, JAMES KOONCE, AND | § | |
| ROSS McELWEE, | § | |
| | § | |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

   The meeting was conducted by telephone conference between Mr. Roland Leon, in Corpus Christi, and Mr. Richard Arnett, in Austin, on March 14 and thereafter.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   *Lee v. Aransas County Independent School District*, Aransas County State District Court, 156th Judicial District, Cause No. A-99-0238-CV-B.

3. **<u>Briefly</u> describe what this case is about.**

   This is a substantive due process case arising from the termination of Ms. Lee's employment as Special Education Director by Aransas County Independent School District and acts leading to such termination.

4. **Specify the allegation of federal jurisdiction.**

   Jurisdiction is alleged pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

17.

5.  **Name the parties who disagree and the reasons.**

    Not applicable.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

7.  **List anticipated interventions.**

    None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The parties have agreed to exchange initial disclosures on or before April 17, 2000.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        The disclosures will be made on or before April 17, 2000. Discovery may be needed regarding communications of the party defendants, the motivations of the party defendants, and plaintiff's damages. There is no need to conduct discovery in phases.

        No changes should be made in any limitations on discovery imposed under the federal rules or by local rule.

        No further order is requested at this time from the Court.

    B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

        Plaintiff anticipates sending interrogatories to each defendant on or before May 2, 2000.

    C.  **When and to whom the defendant anticipates it may send interrogatories.**

        Defendant anticipates sending interrogatories to plaintiff on or before May 2, 2000.

2

**D.** **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking oral depositions from one or more individual defendants, Mr. Dale Summitt, and possibly other individuals who have previously been identified as individuals with knowledge of relevant facts in related litigation.

**E.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking an oral deposition from plaintiff, plaintiff's expert, Mr. Bowman, and possibly other individuals previously identified as having knowledge of relevant facts in previous litigation.

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff has designated one expert and anticipates being able to designate all other experts and provide the reports required by Rule 26(a)(2)(B) on or before August 18, 2000.

Defendant anticipates being able to designate responsive experts and provide the reports on or before September 8, 2000.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff does not anticipate taking any expert depositions at this time.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the deposition of T. Hardie Bowman and any other expert designated by plaintiff and anticipates that these depositions may be completed by July 31, 2000.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

3

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.    State the date the planned discovery can reasonably be completed.**

September 29, 2000.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

We have discussed the possibility of early mediation of this matter.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff has expressed a willingness to engage in such mediation and defendant's attorney is communicating with his clients in this matter.

**16.    From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff believes that mediation could be scheduled at any time. Defendant's attorney is in communication with his clients in this regard.

**17.    Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a magistrate judge.

**18.    State whether a jury demand has been made and if it was made on time.**

A jury demand was made timely.

**19.    Specify the number of hours it will take to present the evidence in this case.**

Sixty (60) hours.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

4

21.    List other pending motions.

None.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

None.

23.    Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff's counsel has done so on March 14, 2000. Defendant's counsel is in the process of preparing such disclosures.

24.    List the names, bar numbers, addresses, and telephone numbers of all counsel.

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| Richard L. Arnett | Roland L. Leon |
| State Bar No. 01333300 | State Bar No. 12207400 |
| Fed. I.D. No. 6402 | Fed. I.D. No. 5683 |
| Brim, Arnett & Robinett, P.C. | Vada L. Staha |
| 2525 Wallingwood Dr. | State Bar No. 00784948 |
| Building 14 | Fed. I.D. No. 19025 |
| Austin, Texas 78746 | Barker, Leon, Fancher & Matthys, L.L.P. |
| (512) 328-0048 | Tower II – Suite 1200 |
| | 555 N. Carancahua St. |
| | Corpus Christi, Texas 78478 |
| | (361) 881-9217 |

_____     3-21-00
**Counsel for Plaintiff**     Date

_____     3-21-00
**Counsel for Defendants**     Date
 for Vada L. Staha 619025

5